## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　　Plaintiff<br><br>　　v.<br><br>KEVIN JACKSON<br><br>　　　　　　Defendant. | Criminal Action No. 96-624 (PGS)<br><br>MEMORANDUM AND ORDER |

This matter was opened to the Court by a handwritten letter from Kevin Jackson dated December 9, 2008. From reading his letter, Mr. Jackson seeks expungement of his felony record due to his inability to acquire employment. He wrote:

> I don't have to tell you how hard it is to get a job for an average person not to mention a person that is a felon. I am just looking for a chance to be able to care for myself, to be a good grandfather, and to be able to help out my girlfriend of thirty years through her breast cancer.

At the hearing on February 11, 2009, Mr. Jackson agreed that he was seeking an expungement in order to gain employment more easily. On February 13, 2009, the U.S. Attorney opposed the application.

The application for expungement by Mr. Jackson is denied for the following reasons. Generally, a district court does "not have the jurisdiction to expunge a criminal record" based only on equitable grounds. *United States v. Dunegan*, 251 F. 3d 477, 479-80 (3d Cir. 2001). The Third Circuit has held that expungement may only be granted in very narrow circumstances, such as when a person was unconstitutionally arrested or convicted. Expungement is appropriately used in extreme

circumstances. *United States v. Rabadi*, 889 F.Supp. 757, 758 (S.D.N.Y. 1995). *See United States v. Rowlands*, 451 F. 3d 173, 177 (3d Cir. 2006); *Dunegan*, 251 F. 3d at 479-80. In the end, the law is "in the absence of any applicable statute enacted by Congress, or an allegation that the criminal proceedings were invalid or illegal, a District Court does not have the jurisdiction to expunge a criminal record, even when ending in an acquittal." *Dunegan*, 251 F. 2d at 480. "A defendant's difficulty in finding or retaining employment is a common consequence of conviction and does not constitute grounds for expungement." *Rowlands*, 451 F. 3d at 177. As a result, Mr. Jackson's case does not fall into any narrow exception. Like others, the inability of Mr. Jackson to gain employment is an insufficient reason. Thus, the Court does not have subject matter jurisdiction to entertain his request to expunge his criminal record.

IT IS on this 18th day of February, 2010;

ORDERED that the motion to expunge Mr. Jackson's felony conviction is denied with prejudice.

PETER G. SHERIDAN, U.S.D.J.